**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 07-81170-CIV-HUCK/O'SULLIVAN

CLEARPLAY, INC.,

        Plaintiff,

v.

NISSIM CORP.
MAX ABECASSIS,

        Defendants.

_____/

## ANSWER AND COUNTERCLAIMS

Defendants Nissim Corp. ("Nissim") and Max Abecassis ("Abecassis"), hereby answer the Third Amended Complaint brought by Plaintiff ClearPlay, Inc. ("ClearPlay") and state as follows:

1.      Nissim and Abecassis admit that the Third Amended Complaint purports to allege breach of contract and state-law tort and statutory claims, but deny that ClearPlay is entitled to any relief.  Nissim and Abecassis deny the remaining allegations of paragraph 1 of the Third Amended Complaint, including the allegation that the parties entered a Settlement and License Agreement in November 2004; the parties entered a Settlement and License Agreement in November 2005 (the "Agreement").

2.      Nissim and Abecassis deny the allegations of paragraph 2 of the Third Amended Complaint.

3.      Nissim and Abecassis deny the allegations of paragraph 3 of the Third Amended Complaint.

4.      Nissim and Abecassis deny the allegations of paragraph 4 of the Third Amended Complaint.

5.      Nissim and Abecassis are without knowledge or information sufficient to form a belief as to ClearPlay's current corporate status or principal place of business.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 5 of the Third Amended Complaint.

6.      Nissim admits that it is a Florida corporation with its principal place of business at 18457 Long Lake Drive, Boca Raton, Florida, 33496, that it is the owner of certain U.S. patents, and that Abecassis is its President and CEO.  To the extent not specifically admitted, Nissim denies the allegations in paragraph 6 of the Third Amended Complaint.

7.      Abecassis admits that he is an individual residing in Boca Raton, Florida, and that he is the sole owner and the President and CEO of Nissim.  To the extent not specifically admitted, Abecassis denies the allegations in paragraph 7 of the Third Amended Complaint.

8.      Nissim and Abecassis deny the allegations in paragraph 8 of the Third Amended Complaint and affirmatively state that the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1338 as this action arises under the patent laws of the United States, as this Court held in its April 2, 2008 order dismissing ClearPlay's original complaint in this matter for failure to state a claim, D.E. 32 (reported at *ClearPlay, Inc. v. Nissim Corp.*, 555 F. Supp. 2d 1318 (S.D. Fla. 2008)).

9.      Nissim and Abecassis admit that this Court has personal jurisdiction over them because they reside in the State of Florida.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 9 of the Third Amended Complaint.

10.     Nissim and Abecassis admit that venue is proper in this Court because they reside within the U.S. District Court for the Southern District of Florida.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 10 of the Third Amended Complaint.

11.     Nissim and Abecassis deny the allegations in paragraph 11 of the Third Amended Complaint.

12.     Nissim and Abecassis deny the allegations in paragraph 12 of the Third Amended Complaint.

13.     Nissim and Abecassis admit that CustomPlay, LLC is a wholly-owned subsidiary of Nissim.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 13 of the Third Amended Complaint.

14.     Nissim and Abecassis admit that CustomPlay created objectionable-content specifications known as the CustomPlay OC Specifications, of which there has been a non-numbered version, a version 5.5, and a version 8.0, and other versions.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 14 of the Third Amended Complaint.

15.     Nissim and Abecassis admit that as of the date of filing of the Third Amended Complaint, they have not, excluding Nissim's licensing of technology to original equipment manufacturers and other sellers of DVD players, sold DVD players or content-filtering software or hardware, and Nissim and Abecassis admit that they have represented that Nissim or CustomPlay will manufacture, produce, and/or offer for sale video players and/or content-filtering software or hardware which would allow consumers to selectively skip objectionable

content and/or customize the playback of video.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 15 of the Third Amended Complaint.

16.      Nissim and Abecassis admit that one or more individuals now associated with ClearPlay, including Matthew Jarman, became aware of Nissim at least as early as, and contacted Abecassis in, the year 2000.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 16 of the Third Amended Complaint.

17.      Nissim and Abecassis admit that ClearPlay was aware of Nissim's patents at the time it began marketing any product or service for the skipping or muting of objectionable content.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 17 of the Third Amended Complaint.

18.      Nissim and Abecassis admit that at some time during 2004 Thomson sold or distributed to Wal-Mart an RCA-branded DVD player that incorporated certain ClearPlay filtering software and filters.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 18 of the Third Amended Complaint.

19.      Nissim and Abecassis admit that they filed a complaint commencing Case No. 04-21140-Civ-Huck ("04 Case") in the United States District Court for the Southern District of Florida on May 13, 2004, alleging claims for patent infringement, misappropriation of trade secrets and breach of contract.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 19 of the Third Amended Complaint.

20,      Nissim and Abecassis admit that Nissim informed Thomson that the ClearPlay-enabled RCA DVD Player infringed patents owned by Nissim.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations of paragraph 20 of the Third Amended Complaint.

21.     Nissim and Abecassis admit that Thomson stopped manufacturing, and that Wal-Mart stopped selling, the ClearPlay-enabled RCA DVD Player.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations of paragraph 21 of the Third Amended Complaint.

22.     Nissim and Abecassis admit that ClearPlay alleged patent invalidity in the 04 Case, that the parties entered the Agreement and settled the 04 Case, that Nissim granted ClearPlay a limited license to Nissim's patents, and that Abecassis signed the Agreement individually to effectuate the confidentiality provision therein.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 22 of the Third Amended Complaint.

23.     Nissim and Abecassis deny the allegations in paragraph 23 of the Third Amended Complaint.

24.     Nissim and Abecassis admit that the Agreement granted ClearPlay a limited license as specifically defined and limited by the terms and conditions set forth in the Agreement, and that section 4.2 of the Agreement contains, among other terms, the language quoted in paragraph 24 of the Third Amended Complaint, except for the bracketed portion.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations of paragraph 24 of the Third Amended Complaint.

25.     Nissim and Abecassis admit that section 1.13 of the Agreement defines "Modified ClearPlay Players" as "consumer electronic devices that: i) incorporate or contain Modified ClearPlay Software; and ii) utilize ClearPlay CustomPlay OC Maps."  To the extent not specifically admitted, Nissim and Abecassis deny the allegations of paragraph 25 of the Third Amended Complaint.

26.     Nissim and Abecassis admit that section 1.14 of the Agreement defines the term "Modified ClearPlay Software" in the manner partially stated in paragraph 26 of the Third Amended Complaint.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations of paragraph 26 of the Third Amended Complaint.

27.     Nissim and Abecassis admit that section 1.4 of the Agreement defines the term "ClearPlay CustomPlay OC Map" in the manner stated in paragraph 27 of the Third Amended Complaint, except that the word "possible" should be "possibly" and "shall be substantial compliance" should be "shall be in substantial compliance."  To the extent not specifically admitted, Nissim and Abecassis deny the allegations of paragraph 27 of the Third Amended Complaint.

28.     Nissim and Abecassis admit that in the Agreement, ClearPlay agreed to pay certain royalties and agreed to modify its players, software and filters.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations of paragraph 28 of the Third Amended Complaint.

29.     Nissim and Abecassis admit that the language of section 4.6 of the Agreement is as quoted in paragraph 29 of the Third Amended Complaint.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 29 of the Third Amended Complaint.

30.     Nissim and Abecassis admit that the language of section 4.7 of the Agreement is as quoted in paragraph 30 of the Third Amended Complaint.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 30 of the Third Amended Complaint.

31.     Nissim and Abecassis admit that the language of section 8.2 of the Agreement is as quoted in paragraph 31 of the Third Amended Complaint.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 31 of the Third Amended Complaint.

32.     Nissim and Abecassis admit that the language of section 5.4 of the Agreement is as quoted in paragraph 32 of the Third Amended Complaint (except for the emphasis added).  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 32 of the Third Amended Complaint.

33.     Nissim and Abecassis admit that the language of section 12.5 of the Agreement is as quoted in paragraph 33 of the Third Amended Complaint.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations of paragraph 33 of the Third Amended Complaint.

34.     Nissim and Abecassis deny the allegations in paragraph 34 of the Third Amended Complaint.

35.     Nissim and Abecassis deny the allegations in paragraph 35 of the Third Amended Complaint.

36.     Nissim and Abecassis admit that Nissim's U.S. Patent No. 6,208,805 is infringed by implementation of the "User Operation Restrictions" features of the DVD Specifications, and that Nissim's U.S. Patent No. 5,434,678 and U.S. Patent No. 5,589,945 are each infringed by implementation of the "Seamless Branching" features of the DVD Specifications.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 36 of the Third Amended Complaint.

37.     Nissim and Abecassis deny the allegations in paragraph 37 of the Third Amended Complaint.

38.     Nissim and Abecassis deny the allegations in paragraph 38 of the Third Amended Complaint.

39.     Nissim and Abecassis admit that Abecassis e-mailed version 5.6 of the CustomPlay OC Specifications to ClearPlay on December 9, 2005 and requested ClearPlay's input or comments, which ClearPlay did not provide.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 39 of the Third Amended Complaint.

40.     Nissim and Abecassis admit that subsequent to December 9, 2005, CustomPlay created version 8.0 of the CustomPlay OC Specifications.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 40 of the Third Amended Complaint.

41.     Nissim and Abecassis admit that Nissim provided ClearPlay with version 8.0 of the CustomPlay OC Specifications and offered ClearPlay the opportunity to modify the Agreement by replacing version 5.5 with version 8.0, but that ClearPlay did not accept the offer. To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 41 of the Third Amended Complaint.

42.     Nissim and Abecassis deny the allegations in paragraph 42 of the Third Amended Complaint.

43.     Nissim and Abecassis deny the allegations in paragraph 43 of the Third Amended Complaint.

44.     Nissim and Abecassis deny the allegations in paragraph 44 of the Third Amended Complaint.

45.     Nissim and Abecassis admit that Nissim through counsel sent a letter dated March 29, 2007 to ClearPlay indicating that ClearPlay's filters did not comply with the Agreement and that ClearPlay though counsel sent a letter in response dated May 25, 2007.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 45 of the Third Amended Complaint.

46.     Nissim and Abecassis deny the allegations in paragraph 46 of the Third Amended Complaint.

47.     Nissim and Abecassis admit that on March 10, 2009 the Court in the 04 Case entered a Partial Order granting in part and denying in part Nissim's motion to enforce the Agreement which states, among other things, the Court's finding that the Agreement is valid and enforceable and the Court's finding that ClearPlay's CP-007-USB DVD Players comply with the requirements of the Agreement.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 47 of the Third Amended Complaint.

48.     Nissim and Abecassis admit that the Court appointed a special master to issue a report and recommendation regarding whether certain of ClearPlay's filters comply with the requirements of the Agreement, that the special master issued an Amended Report and Recommendation recommending a finding that such filters comply with the requirements of the Agreement, and that the Court subsequently adopted that report and recommendation.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 48 of the Third Amended Complaint.

49.     Nissim and Abecassis deny the allegations in paragraph 49 of the Third Amended Complaint.

50.     Nissim and Abecassis deny the allegations in paragraph 50 of the Third Amended Complaint.

51.     Nissim and Abecassis admit that section 5.4 of the Agreement contains the language quoted in paragraph 51 of the Third Amended Complaint. To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 51 of the Third Amended Complaint.

52.     Nissim and Abecassis deny the allegations in paragraph 52 of the Third Amended Complaint.

53.     Nissim and Abecassis deny the allegations in paragraph 53 of the Third Amended Complaint.

54.     Nissim and Abecassis are without knowledge or information sufficient to form a belief as to the allegations of paragraph 54 of the Third Amended Complaint.

55.     Nissim and Abecassis are without knowledge or information sufficient to form a belief as to the allegations of paragraph 55 of the Third Amended Complaint.

56.     Nissim and Abecassis are without knowledge or information sufficient to form a belief as to the allegations of paragraph 56 of the Third Amended Complaint.

57.     Nissim and Abecassis admit that the ClearPlay 007 DVD Players sold by Target could play DVDs without any filtering.   Nissim and Abecassis are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 57 of the Third Amended Complaint.

58.     Nissim and Abecassis admit that on June 11, 2007, Nissim's counsel sent an infringement notice letter to Target, a copy of which is attached to the Third Amended Complaint as Exhibit 11, and that the letter identified the five patents for which the Agreement

provides a limited license subject to certain terms, conditions and exclusions, which five patents are also listed in paragraph 58 of the Third Amended Complaint. To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 58 of the Third Amended Complaint.

59.     Nissim and Abecassis admit that the June 11, 2007 letter to Target contains the language partially quoted in paragraph 59 of the Third Amended Complaint, except "constitutes infringement" should be "constitute infringements". To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 59 of the Third Amended Complaint.

60.     Nissim and Abecassis admit that the June 11, 2007 letter to Target demanded that Target remove from its stores and stop selling the unlicensed and infringing ClearPlay DVD players. To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 60 of the Third Amended Complaint.

61.     Nissim and Abecassis deny the allegations in paragraph 61 of the Third Amended Complaint.

62.     Nissim and Abecassis deny the allegations of the first paragraph within paragraph 62 of the Third Amended Complaint. Nissim and Abecassis deny the allegations of subparagraph (a) within paragraph 62 of the Third Amended Complaint. Nissim and Abecassis deny the allegations of subparagraph (b) within paragraph 62 of the Third Amended Complaint. Nissim and Abecassis admit that the CustomPlay OC Specifications are a trade secret of CustomPlay and that ClearPlay had a contractual obligation to use the specifications; Nissim and Abecassis deny the remaining allegations of subparagraph (c) within paragraph 62 of the Third Amended Complaint. Nissim and Abecassis admit that Nissim had purchased and analyzed a ClearPlay 007 DVD Player and that the 007 Player was capable of playing DVDs without any

11

filtering; Nissim and Abecassis deny the remaining allegations of subparagraph (d) within paragraph 62 of the Third Amended Complaint.  Nissim and Abecassis admit that the '401 and '472 Patents are not identified in the license agreement for implementation of the DVD Specifications that is attached to the Third Amended Complaint as Exhibit 12, and that each of the claims of the '945 Patent includes the language "a version of said video differing in length than the length of said video"; Nissim and Abecassis deny the remaining allegations of subparagraph (e) within paragraph 62 of the Third Amended Complaint.  Nissim and Abecassis deny the allegations of subparagraph (f) within paragraph 62 of the Third Amended Complaint. Nissim and Abecassis admit that in the 04 Case, ClearPlay produced in discovery a letter from a law firm regarding infringement of Nissim's patents, which letter ClearPlay did not obtain until after sales of the ClearPlay-enabled RCA DVD Player had already started; Nissim and Abecassis deny the remaining allegations of subparagraph (g) within paragraph 62 of the Third Amended Complaint.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 62 of the Third Amended Complaint.

63.    Nissim and Abecassis admit that in June 2007 Nissim published, on the Nissim website, the press release attached as Exhibit 15 to the Third Amended Complaint.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 63 of the Third Amended Complaint.

64.    Nissim and Abecassis deny the allegations in paragraph 64 of the Third Amended Complaint.

65.    Nissim and Abecassis admit that Nissim removed from the Nissim website the press release dated November 30, 2005, a copy of which is attached to the Third Amended Complaint as Exhibit 16, containing in part the language quoted in paragraph 65 of the Third

Amended Complaint.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 65 of the Third Amended Complaint.

66.     Nissim and Abecassis are without knowledge or information sufficient to form a belief as to the allegations of paragraph 66 of the Third Amended Complaint.

67.     Nissim and Abecassis admit that on October 19, 2007, Nissim's counsel sent to Target an infringement notice letter, a copy of which is attached to the Third Amended Complaint as Exhibit 18, and that the letter identified the six patents listed in paragraph 67 of the Third Amended Complaint.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 67 of the Third Amended Complaint.

68.     Nissim and Abecassis admit that the October 19, 2007 letter to Target and section 8.2(c) of the Agreement contain in part the language quoted in paragraph 68 of the Third Amended Complaint, and that at the time of the letter no court had determined ClearPlay to have breached the Agreement.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 68 of the Third Amended Complaint.

69.     Nissim and Abecassis admit that the October 19, 2007 letter to Target attached a draft complaint for patent infringement and informed Target of Nissim's intent to file suit if Target did not take certain actions.   To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 69 of the Third Amended Complaint.

70.     Nissim and Abecassis deny the allegations in paragraph 70 of the Third Amended Complaint.

71.     Nissim and Abecassis admit that Nissim's U.S. Patent No. 6,208,805 is infringed by implementation of the User Operation control and Access Restriction features of the DVD

Specifications.   To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 71 of the Third Amended Complaint.

72.     Nissim and Abecassis are without knowledge or information sufficient to form a belief as to the allegations of paragraph 72 of the Third Amended Complaint.

73.     Nissim and Abecassis deny the allegations in paragraph 73 of the Third Amended Complaint.

74.     Nissim and Abecassis admit that Nissim published a press release on the Nissim website, a copy of which is attached as Exhibit 22 to the Third Amended Complaint.   To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 74 of the Third Amended Complaint.

75.     Nissim and Abecassis are without knowledge or information sufficient to form a belief as to the allegations of paragraph 75 of the Third Amended Complaint.

76.     Nissim and Abecassis are without knowledge or information sufficient to form a belief as to the allegations regarding Best Buy's alleged agreement to carry ClearPlay DVD players.   Nissim and Abecassis otherwise deny the allegations in paragraph 76 of the Third Amended Complaint.

77.     Nissim and Abecassis admit that on January 14, 2008, Nissim's counsel sent to counsel for ClearPlay, with copy to Best Buy, an infringement notice letter, a copy of which is attached to the Third Amended Complaint as Exhibit 24.   To the extent not specifically admitted herein, Nissim and Abecassis deny the allegations of paragraph 77 of the Third Amended Complaint, and additionally state that the January 14, 2008 letter to ClearPlay's counsel did not assert that ClearPlay had "misled Thomson to manufacture the RCA Player, knowing it violated Nissim's patents" (D.E. 185 ¶ 77), but rather that ClearPlay "had knowledge of the fact that [the

RCA Player] was excluded from the scope of [Thomson's] license agreement with Nissim" (D.E. 185-20 at 2) and "failed to disclose the issue to the appropriate personnel at Thomson" (*id.*).

78.     Nissim and Abecassis deny the allegations in paragraph 78 of the Third Amended Complaint.

79.     Nissim and Abecassis admit that, at the time of the January 14, 2008 letter, ClearPlay had a limited license subject to certain terms, conditions and exclusions as set forth in the Agreement.   To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 79 of the Third Amended Complaint.

80.     Nissim and Abecassis admit that on February 22, 2008, Nissim's counsel sent to Best Buy an infringement notice letter, a copy of which is attached to the Third Amended Complaint as Exhibit 25, and that the February 22 letter contained certain notices of suspected license noncompliance and patent infringement.   To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 80 of the Third Amended Complaint.

81.     Nissim and Abecassis admit that, at the time of the February 22, 2008 letter, ClearPlay had a limited license to the '401 Patent subject to certain terms, conditions and exclusions as set forth in the Agreement.   To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 81 of the Third Amended Complaint.

82.     Nissim and Abecassis admit that on March 19, 2008, Nissim's counsel sent to Best Buy an infringement notice letter, a copy of which is attached to the Third Amended Complaint as Exhibit 26, and a draft complaint for patent infringement.   To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 82 of the Third Amended Complaint.

83.     Nissim and Abecassis admit that, at the time of the March 19, 2008 letter, ClearPlay had a limited license under the Agreement subject to certain terms, conditions and exclusions as set forth in the Agreement.  Nissim and Abecassis admit that Nissim's U.S. Patent No. 6,208,805 is infringed by implementation of the User Operation control and Access Restriction features of the DVD Specifications.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 83 of the Third Amended Complaint.

84.     Nissim and Abecassis deny the allegations in paragraph 84 of the Third Amended Complaint.

85.     Nissim and Abecassis deny the allegations of paragraph 85 of the Third Amended Complaint.

86.     Nissim and Abecassis admit that on March 31, 2008, Nissim published a press release on the Nissim website, a copy of which is attached as Exhibit 27 to the Third Amended Complaint.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 86 of the Third Amended Complaint.

87.     Nissim and Abecassis are without knowledge or information sufficient to form a belief as to the allegations of paragraph 87 of the Third Amended Complaint.

88.     Nissim and Abecassis admit that the Agreement contains a confidentiality provision and that Nissim's counsel corresponded with ClearPlay's counsel in e-mail messages, copies of which are attached as Exhibits 28 and 29 to the Third Amended Complaint.  To the extent not specifically admitted, Nissim and Abecassis are otherwise without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 88 of the Third Amended Complaint.

89.     Nissim and Abecassis deny the allegations in paragraph 89 of the Third Amended Complaint.

90.     Nissim and Abecassis admit that on August 11, 2008, Nissim's counsel sent to Samsung an infringement notice letter, a copy of which is attached to the Third Amended Complaint as Exhibit 30.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 90 of the Third Amended Complaint.

91.     Nissim and Abecassis admit that, at the time of the August 11, 2008 letter, ClearPlay had a limited license to the '401 Patent subject to the terms, conditions and exclusion set forth in the Agreement.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 91 of the Third Amended Complaint.

92.     Nissim and Abecassis deny the allegations of paragraph 92 of the Third Amended Complaint.

93.     Nissim and Abecassis admit that Nissim has demanded that ClearPlay comply with its contractual obligations under the Agreement, including but not limited to the obligations to provide timely and sufficient royalty reports and payments.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations of paragraph 93 of the Third Amended Complaint.

94.     Nissim and Abecassis admit that ClearPlay has paid Nissim hundreds of thousands of dollars in royalty payments for the rights granted under the Agreement and that ClearPlay has paid a significant sum in interest calculated pursuant to the Agreement on account of significant late payments.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 94 of the Third Amended Complaint.

95.     Nissim and Abecassis admit that in May 2008, Nissim filed a patent infringement complaint in the United States District Court for the Southern District of Florida alleging that ClearPlay's products infringe certain patents, that Nissim has not dismissed such claims, and that the Court has denied ClearPlay's motion for summary judgment on such claims.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 95 of the Third Amended Complaint.

96.     Nissim and Abecassis are without knowledge or information sufficient to form a belief as to the allegation of paragraph 96 of the Third Amended Complaint concerning ClearPlay's obligation to pay counsel.  Nissim and Abecassis otherwise deny the allegations in paragraph 96 of the Third Amended Complaint.

97.     Nissim and Abecassis admit that on May 8, 2009, Nissim's counsel sent to ClearPlay's counsel a letter, a copy of which is attached as Exhibit 31 to the Third Amended Complaint, stating Nissim's position that the effect of the Court's order adopting the Amended Report and Recommendation of the special master was to hold section 12.3 of the Agreement unenforceable, thus triggering termination under section 12.5.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 97 of the Third Amended Complaint.

98.     Nissim and Abecassis admit that Nissim's counsel corresponded with ClearPlay's counsel in letters, copies of which are attached as Exhibits 32-37 to the Third Amended Complaint, regarding the feasibility of amending section 12.3 without materially altering the intentions of the parties.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 98 of the Third Amended Complaint.

99. Nissim and Abecassis admit that in ruling on ClearPlay's motion for a preliminary injunction, the Court found that ClearPlay would be likely to succeed on a claim that the Court's order adopting the Amended Report and Recommendation of the special master did not have the effect of holding section 12.3 (erroneously referred to in paragraph 99 of the Third Amended Complaint as section 12.5) unenforceable, and that the Court entered a preliminary injunction containing the language quoted in paragraph 99 of the Third Amended Complaint. To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 99 of the Third Amended Complaint.

100. Nissim and Abecassis re-allege their responses to paragraphs 1 through 99 as if fully set forth herein.

101. Nissim and Abecassis are without knowledge or information sufficient to form a belief as to the allegations of paragraph 101 of the Third Amended Complaint.

102. Nissim and Abecassis are without knowledge or information sufficient to form a belief as to the allegations of paragraph 102 of the Third Amended Complaint.

103. Nissim and Abecassis admit they were not a party to any contractual relationship between ClearPlay and Target. To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 103 of the Third Amended Complaint.

104. Nissim and Abecassis deny the allegations of paragraph 104 of the Third Amended Complaint.

105. Nissim and Abecassis deny the allegations in paragraph 105 of the Third Amended Complaint.

106. Nissim and Abecassis deny the allegations in paragraph 106 of the Third Amended Complaint.

107.     Nissim and Abecassis re-allege their responses to paragraphs 1 through 99 as if fully set forth herein.

108.     Nissim and Abecassis are without knowledge or information sufficient to form a belief as to the allegations of paragraph 108 of the Third Amended Complaint.

109.     Nissim and Abecassis are without knowledge or information sufficient to form a belief as to the allegations of paragraph 109 of the Third Amended Complaint.

110.     Nissim and Abecassis admit they were not a party to any contractual relationship between ClearPlay and Best Buy.  Nissim and Abecassis affirmatively state that Nissim and Best Buy are parties to a DVD-Device License Agreement.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 110 of the Third Amended Complaint.

111.     Nissim and Abecassis deny the allegations in paragraph 111 of the Third Amended Complaint.

112.     Nissim and Abecassis deny the allegations in paragraph 112 of the Third Amended Complaint.

113.     Nissim and Abecassis deny the allegations in paragraph 113 of the Third Amended Complaint.

114.     Nissim and Abecassis re-allege their responses to paragraphs 1 through 99 as if fully set forth herein.

115.     Nissim and Abecassis are without knowledge or information sufficient to form a belief as to the allegations of paragraph 115 of the Third Amended Complaint.

116.     Nissim and Abecassis admit they were not a party to the alleged relationships between ClearPlay and its alleged clients that are identified in the Third Amended Complaint.  Nissim and Abecassis affirmatively state that Nissim and Best Buy are parties to a DVD-Device

License Agreement, and further that Nissim and Samsung are parties to a DVD-Device License Agreement.  To the extent not specifically admitted, Nissim and Abecassis deny the allegations in paragraph 116 of the Third Amended Complaint.

117.    Nissim and Abecassis deny the allegations in paragraph 117 of the Third Amended Complaint.

118.    Nissim and Abecassis deny the allegations in paragraph 118 of the Third Amended Complaint.

119.    Nissim and Abecassis deny the allegations in paragraph 119 of the Third Amended Complaint.

120.    Nissim and Abecassis re-allege their responses to paragraphs 1 through 99 as if fully set forth herein.

121.    Nissim and Abecassis deny the allegations in paragraph 121 of the Third Amended Complaint, and affirmatively state that it is Nissim's position the Agreement automatically terminated on May 30, 2009.

122.    Nissim and Abecassis deny the allegations in paragraph 122 of the Third Amended Complaint.

123.    Nissim and Abecassis deny the allegations in paragraph 123 of the Third Amended Complaint.

124.    Nissim and Abecassis deny the allegations in paragraph 124 of the Third Amended Complaint.

125.    Nissim and Abecassis deny the allegations in paragraph 125 of the Third Amended Complaint.

126.    Nissim and Abecassis deny the allegations in paragraph 126 of the Third Amended Complaint.

127.    Nissim and Abecassis deny the allegations in paragraph 127 of the Third Amended Complaint.

128.    Nissim and Abecassis deny the allegations in paragraph 128 of the Third Amended Complaint.

129.    Nissim and Abecassis deny the allegations in paragraph 129 of the Third Amended Complaint.

130.    Nissim and Abecassis deny the allegations in paragraph 130 of the Third Amended Complaint.

131.    Nissim and Abecassis re-allege their responses to paragraphs 1 through 99 as if fully set forth herein.

132.    Nissim and Abecassis deny the allegations in paragraph 132 of the Third Amended Complaint.

133.    Nissim and Abecassis deny the allegations in paragraph 133 of the Third Amended Complaint.

134.    Nissim and Abecassis deny the allegations in paragraph 134 of the Third Amended Complaint.

135.    To the extent any allegation of the Third Amended Complaint is not specifically admitted herein, Nissim and Abecassis hereby deny same.

**<u>AFFIRMATIVE DEFENSES</u>**

Nissim and Abecassis hereby assert the following affirmative defenses:

### First Affirmative Defense

ClearPlay's claims are barred by the doctrine of patent preemption.

### Second Affirmative Defense

ClearPlay's claims are barred by *Noerr-Pennington* immunity.

### Third Affirmative Defense

ClearPlay's claims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

ClearPlay's claims are barred by the doctrine of estoppel.

### Fifth Affirmative Defense

ClearPlay's claims are barred by res judicata and/or collateral estoppel.

### Sixth Affirmative Defense

ClearPlay's claims are barred by the doctrine of waiver.

### Seventh Affirmative Defense

The conduct of Nissim and Abecassis was privileged and/or justified.

### Eighth Affirmative Defense

The conduct of Nissim and Abecassis was supported by advice of counsel.

### Ninth Affirmative Defense

ClearPlay repudiated and/or committed a prior material breach of the Agreement.

### Reservation of Defenses

Nissim and Abecassis reserve the right to assert additional defenses that may become apparent during the course of investigation or discovery and reserve the right to amend this Answer to assert any such defense.

**WHEREFORE**, Nissim and Abecassis pray for judgment as follows:

A.      That ClearPlay take nothing by the Third Amended Complaint;

B.      That judgment on the Third Amended Complaint be entered against ClearPlay and in favor of Nissim and Abecassis;

C.      That Nissim and Abecassis be awarded their attorneys' fees and costs pursuant to 35 U.S.C. § 285 in defending against the Third Amended Complaint; and

D.      That the Court award Nissim and Abecassis such other and further relief as the Court deems just and proper.

## <u>COUNTERCLAIMS</u>

Nissim Corp. ("Nissim") and Max Abecassis ("Abecassis") hereby counterclaim against ClearPlay, Inc. ("ClearPlay") and allege as follows:

1.      Nissim is a corporation organized under the laws of the State of Florida with its principal place of business in Boca Raton, Florida.

2.      Abecassis is an individual residing in Boca Raton, Florida.

3.      Nissim wholly owns CustomPlay, LLC ("CustomPlay"), a limited liability company organized under the laws of the State of Florida with its principal place of business in Delray Beach, Florida.

4.      Abecassis is the President and CEO of both Nissim and CustomPlay, and is the sole owner of Nissim.

5.      Upon information and belief, ClearPlay is a corporation organized under the laws of the State of Delaware with its principal place of business in or around Salt Lake City, Utah.

6.      This Court has federal question jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Nissim and Abecassis seek relief under the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202, regarding the non-infringement and invalidity of U.S. patents owned by ClearPlay. The Court also has jurisdiction over the Counterclaims pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over ClearPlay, and venue is proper in this Court, because ClearPlay has consented to jurisdiction and venue in this Court by filing this action in this Court, and because ClearPlay has transacted business in this state, contracted to supply services or products in this state, breached a contract in this state, and caused injury to Nissim and Abecassis in this state. Maintaining suit over ClearPlay within this jurisdiction would not offend traditional notions of fair play and substantial justice because ClearPlay has purposefully availed itself of the benefits of this jurisdiction.

8. Abecassis is the inventor of numerous advances in technology relating to, inter alia, the customized playback of video. The United States Patent and Trademark Office has granted Abecassis more than thirty (30) patents for his inventions.

9. Abecassis formed Nissim and CustomPlay to commercialize his inventions, and assigned many of his patents to Nissim.

10. Numerous members of the consumer electronics industry have recognized Nissim's patents as essential to the implementation of DVD technology. Virtually all significant manufacturers of devices capable of playing DVDs in accordance with the DVD Specifications have taken licenses to numerous of Nissim's patents. Among Nissim's many licensees are such industry leaders as Sony, Phillips, Matsushita, Pioneer, Samsung, Dell, Hewlett-Packard, Thomson, Lenovo, IBM, Gateway, LG Electronics, Toshiba, and Microsoft.

11. Directly and/or through CustomPlay, Nissim and Abecassis have been engaged in the business of commercializing aspects of Abecassis' inventions including the development of

hardware and software for the customized playback of video as well as numerous content maps to be used with such hardware and software.

12.    Directly and/or through CustomPlay, Nissim and Abecassis are prepared to commercially release and are offering products and associated licenses to strategic partners, manufacturers, and distributors.

13.    Nissim promotes and intends to sell CustomPlay's products through Nissim's website.

14.    ClearPlay is engaged in the business of developing and selling DVD content-filtering software and filters.

15.    ClearPlay is the owner of U.S. Patent No. 6,889,383 (the "'383 patent") and U.S. Patent No. 6,898,799 (the "'799 patent") (collectively, the "ClearPlay patents").

16.    The '383 patent issued May 3, 2005, is entitled "Delivery of navigation data for playback of audio and video content," and relates to methods, systems, and computer program products for automatically identifying and filtering portions of multimedia content during the decoding process.  A copy of the '383 patent is attached as Exhibit A hereto.

17.    The '799 patent issued May 24, 2005, is entitled "Multimedia content navigation and playback," and relates to methods, systems, and computer program products for automatically identifying and filtering portions of multimedia content during the decoding process.  A copy of the '799 patent is attached as Exhibit B hereto.

18.    In May 2004, Nissim brought suit against ClearPlay and its three principal officers to stop ClearPlay and those individuals from making or selling, or participating in the making or selling of, an infringing DVD player and accompanying ClearPlay movie filtering software and filters.   The infringement suit was concluded by a Settlement and License

Agreement dated November 23, 2005 (the "Agreement").  The Agreement granted ClearPlay a conditional and limited royalty-bearing license to distribute certain DVD players, related movie-filtering software, and filters that complied with the objectionable content mapping specifications that CustomPlay had developed.  The specifications are known as the CustomPlay Objectionable Content Specifications.

19.     In the spring of 2007, Nissim determined that ClearPlay was making and selling products that did not comply with the CustomPlay Objectionable Content Specifications, and therefore were not licensed under the Agreement.  When ClearPlay refused to bring the products into compliance with the specifications, Nissim moved to enforce the Agreement before the Court presiding over the original infringement action in Case No. 04-21140-Civ-Huck.  In that motion to enforce, Nissim petitioned the Court to halt the further distribution of the non-compliant ClearPlay DVD players, related filtering software, and filters.

20.     In or around the fall of 2008, the parties discussed and negotiated a written global settlement agreement of all pending litigation including the motion to enforce, which agreement would have involved Nissim granting ClearPlay additional patent license rights than those provided for under the Agreement, including license rights for ClearPlay to implement the DVD Specifications and the Blu-ray Specifications.  During those negotiations, the parties reached agreement in principle as to substantially all previously disputed terms with one major exception: ClearPlay refused to provide Nissim or its officers, affiliates or their customers a covenant not to sue regarding the ClearPlay patents, nor would ClearPlay alternatively agree that Nissim could have a right to terminate the licenses granted to ClearPlay, including the new licenses offered by Nissim, in the event that ClearPlay sued or threatened to sue Nissim or its officers, affiliates or their customers for patent infringement.  While Nissim and Abecassis at all times were confident

that they did not and would not infringe the ClearPlay patents, and further that the ClearPlay patents are invalid, Nissim viewed either of the proposed provisions as necessary to avoid future litigation between the parties, and as necessary to a fair agreement in view of the additional license rights Nissim was offering ClearPlay.   Upon information and belief, because of ClearPlay's desire to assert the ClearPlay patents against Nissim and its officers, affiliates or their customers, no global settlement agreement between the parties was reached.

21.     Since the issuance of the ClearPlay patents, ClearPlay has on multiple occasions represented to others involved in the industry for parental control technologies that ClearPlay will accuse CustomPlay's products of patent infringement and file suit.

22.     As a result of ClearPlay's conduct during negotiations over a global settlement agreement and based on ClearPlay's representations to others in the industry that it intends to assert its patents upon the release of CustomPlay's products, Nissim and Abecassis believe that they will be sued and/or subject to threats of suit for patent infringement by ClearPlay as soon as CustomPlay's products are commercially released and offered for sale by Nissim.

23.     Nissim and Abecassis, directly and through CustomPlay, in no way infringe the ClearPlay patents.

<u>COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,889,383</u>

24.     Nissim and Abecassis repeat and reallege each and all of the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

25.     Nissim and Abecassis have not infringed and are not infringing any valid claim of ClearPlay's '383 patent.

26.     ClearPlay's '383 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112.

27.     A justiciable controversy exists between Nissim and Abecassis on the one hand, and ClearPlay on the other, with respect to the non-infringement and invalidity of the '383 patent.

## COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,898,799

28.     Nissim and Abecassis repeat and reallege each and all of the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

29.     Nissim and Abecassis have not infringed and are not infringing any valid claim of ClearPlay's '799 patent.

30.     ClearPlay's '799 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112.

31.     A justiciable controversy exists between Nissim and Abecassis on the one hand, and ClearPlay on the other, with respect to the non-infringement and invalidity of the '799 patent.

## COUNT III – BREACH OF CONTRACT AND DECLARATORY JUDGMENT REGARDING VIOLATION OF SECTION 12.3 OF THE AGREEMENT

32.     Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

33.     On November 23, 2005, Nissim and ClearPlay entered into the Agreement.

34.     From November 23, 2005 through May 31, 2009, the Agreement was valid and binding.

35.     The Agreement contains an implied covenant of good faith and fair dealing.

36.     Section 12.3 of the Agreement provides in part: "Prior versions of this Agreement shall not be relied upon for interpretation of the terms and conditions herein."

37.     During hearings in October 2008 before a special master appointed by the Court to determine whether certain of ClearPlay's filters comply with the requirements of the

Agreement, and in subsequent proceedings before the Court in early 2009 on Nissim's objections to the special master's original and amended report and recommendation, ClearPlay through its counsel violated and/or induced violation of section 12.3 and its implied covenant of good faith and fair dealing by offering and urging the reliance on drafts of the Agreement to interpret the Agreement. ClearPlay's use of the drafts in violation of section 12.3 and the implied covenant of good faith and fair dealing was made for the purpose of having the Agreement interpreted in ClearPlay's favor. Upon information and belief, ClearPlay's use of the drafts in violation of section 12.3 and the implied covenant of good faith and fair dealing was willful and/or deliberate.

38.     Nissim was damaged by ClearPlay's use of the drafts in violation of section 12.3 and the implied covenant of good faith and fair dealing.

39.     Section 8.2(c) of the Agreement provides in part that: "Nissim may terminate this Agreement forthwith upon written notice to ClearPlay if: … ClearPlay shall be finally determined by a court of competent jurisdiction to have (i) willfully or deliberately violated any material provision of this Agreement …."

40.     Section 12.5 of the Agreement provides in part that: "Each of the terms and provisions of this Agreement is material."

41.     A justiciable controversy exists between Nissim and ClearPlay with respect to whether ClearPlay willfully or deliberately violated section 12.3 and the implied covenant of good faith and fair dealing.

42.     In addition to or in the alternative to an award of damages for breach of contract, Nissim requests a declaration from the Court that ClearPlay's use of the drafts was a willful or

deliberate violation of a material provision of the Agreement entitling Nissim to terminate the Agreement.

**WHEREFORE**, Nissim and Abecassis pray for judgment as follows:

A.     That the Court declare that ClearPlay's U.S. Patent No. 6,889,383 is invalid and/or not infringed by either Nissim or Abecassis;

B.     That the Court declare that ClearPlay's U.S. Patent No. 6,898,799 is invalid and/or not infringed by either Nissim or Abecassis;

C.     That the Court order ClearPlay, its officers, agents, servants, employees, affiliated companies and attorneys, and all those persons in concert or participation with it to be preliminarily and permanently enjoined and restrained from asserting or threatening to assert against Nissim or Abecassis, or any of their affiliates, subsidiaries, or existing or prospective customers any charge of infringement of U.S. Patent No. 6,889,383 or U.S. Patent No. 6,898,799;

D.     That the Court award Nissim and Abecassis their attorneys' fees and costs pursuant to 35 U.S.C. § 285 in prosecuting their patent law counterclaims;

E.     That the Court find ClearPlay has willfully or deliberately violated a material provision of the Agreement and award Nissim damages and/or declare that Nissim is entitled to terminate the Agreement; and

F.     That the Court award Nissim and Abecassis such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Nissim and Abecassis demand trial by jury on all issues so triable.

Dated:  November 2, 2009       Respectfully submitted,

*s/John C. Carey*
John C. Carey (Fla. Bar No. 78379)
   *jcarey@crgplaw.com*
CAREY RODRIGUEZ GREENBERG & PAUL, LLP
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone:  (305) 372-7474
Facsimile:  (305) 372-7475

*Counsel for Nissim Corp. and Max Abecassis*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ John C. Carey*
John C. Carey

**SERVICE LIST**
**ClearPlay, Inc. v. Nissim Corp. and Max Abecassis**
**Case No. 07-81170-Civ-Huck/O'Sullivan**
**United States District Court, Southern District of Florida**

Thomas Meeks, Esq.
*tmeeks@carltonfields.com*
CARLTON FIELDS, P.A.
100 S.E. Second Street, Suite 4000
Miami, Florida 33131
Telephone:  (305) 530-0050
Facsimile:  (305) 530-0055

David J. Jordan, Esq.
*djjordan@stoel.com*
David L. Mortensen, Esq.
*dlmortensen@stoel.com*
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone:  (801) 328-3131
Facsimile:  (801) 578-6999

*Counsel for Plaintiff ClearPlay, Inc.*
*(Via transmission of Notice of Electronic Filing)*